FILED

FEB 10 2012

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By _____
Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK SEIFRIED, | ) |
|     Plaintiff | ) |
| v. | )   **Case No.:**  **CIV 12-060-JHP** |
| ENHANCED RECOVERY COMPANY, LLC, | )   **COMPLAINT AND DEMAND FOR JURY TRIAL** |
|     Defendant | )   **(Unlawful Debt Collection Practices)** |

## COMPLAINT

MARK SEIFRIED ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ENHANCED RECOVERY COMPANY, LLC ("Defendant"):

### INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

1

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the State of Oklahoma and as such, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Seminole, Oklahoma 74868.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.      Also, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a), and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.      Defendant is a national debt collection company with its corporate headquarters located at 8014 Bayberry Road, Jacksonville, Florida 32256.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and it repeatedly contacted Plaintiff in an attempt to collect a debt.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.    At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

12.    The debt arose out of transactions that were primarily for personal, family, or household purposes.

13.    Plaintiff never incurred any debts in connection with business or commercial activities and, therefore, the debt, if truly an obligation owed by him, could have only arisen from a financial obligation for primarily personal, family, or household purposes.

14.    The debt Defendant was seeking to collect is a consumer debt.

15.    Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

16.    In its attempts to collect a debt, Defendant called Plaintiff on a repetitive and continuous basis.

17.    Plaintiff received collection calls from the following number: 1-800-383-5979, which the undersigned has confirmed is a telephone number belonging to Defendant.

18.    Defendant contacted Plaintiff, on average, at least two (2) times a day, and on occasion, would contacted Plaintiff as frequently as four (4) times a

3

day.

19.     As a result, Plaintiff received more than twenty (20) collection calls a month from Defendant.

20.     Most recently, Defendant contacted Plaintiff on January 4, 2012.

21.     Upon information and belief, Defendant called Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying the debt.

22.     Additionally, Defendant regularly used misleading and deceptive means when communicating with Plaintiff.

23.     For example, when calling Plaintiff, Defendant's employees did not always disclose the name of the company from which they were calling.

24.     Also, on January 4, 2012, during a conversation with Plaintiff, Defendant's employee implied that he was an attorney.

25.     Upon information and belief, the employee that Plaintiff spoke with on January 4, 2012, was not an attorney.

26.     The clear implication of Defendant's employee falsely implying that he was an attorney was to cause Plaintiff to believe that Defendant intended to, or already began, legal action against Plaintiff.

27.     Upon information and belief, Defendant did not intend, or could not legally take, such action against Plaintiff at the time that its employee implied to

4

Plaintiff that he was an attorney.

## CONSTRUCTION OF APPLICABLE LAW

28.     The FDCPA is a strict liability statute. <u>Taylor v. Perrin, Landry, deLaunay & Durand</u>, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." <u>Russell v. Equifax A.R.S.</u>, 74 F. 3d 30 (2d Cir. 1996); see also <u>Gearing v. Check Brokerage Corp.</u>, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); <u>Clomon v. Jackson</u>, 988 F. 2d 1314 (2d Cir. 1993).

29.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. <u>Sprinkle v. SB&C Ltd.</u>, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 <em>et seq.</em>, is a remedial statute, it should be construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

30.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985); <u>Graziano v. Harrison</u>, 950 F. 2d 107 (3rd Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988). The FDCPA

was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced."   Id.   The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices.   Clomon, 988 F. 2d at 1318.

**COUNT I**
**DEFENDANT VIOLATED THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

31.   In its actions to collect a debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Defendant violated the FDCPA generally;

   b. Defendant violated §1692d of the FDCPA when it harassed, oppressed or abused Plaintiff in connection with the collection of a debt;

   c. Defendant violated §1692d(5) of the FDCPA when caused Plaintiff's phone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff;

6

d. Defendant violated §1692d(6) of the FDCPA when its employees called Plaintiff and failed to make meaningful disclosure of the caller's identity;

e. Defendant violated §1692e of the FDCPA when it used false, deceptive, or misleading representations or means in connection with the collection of a debt;

f. Defendant violated §1692e(3) of the FDCPA when it falsely implied to Plaintiff that it was an attorney; and

g. Defendant violated §1692f of the FDCPA when it used unfair and unconscionable means in connection with the collection of a debt.

WHEREFORE, Plaintiff, MARK SEIFRIED, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

1

## **DEMAND FOR JURY TRIAL**

2

3

PLEASE TAKE NOTICE that Plaintiff, MARK SEIFRIED, demands a jury

trial in this case.

4

5

RESPECTFULLY SUBMITTED,

6

7

8

Date: 02/06/12

By: _____
Tara L. Patterson

9

PA Attorney ID No. 88343
Kimmel & Silverman, P.C.

10

30 E. Butler Pike
Ambler, PA 19002

11

Phone: (215) 540-8888
Fax: (877) 788-2864

12

Email:   tpatterson@creditlaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S COMPLAINT